CITY BUILDING AND LOAN ASSOCIATION, a corporation, complainant-appellant,

*v.*

LOUIS ADLER et al., defendants-respondents.

[Decided January 10th, 1935.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Stein, who filed the following opinion:

"This matter is before me on objection to confirmation of sale. The mortgaged premises under foreclosure were sold by the sheriff to the complainant for the sum of $200. The objection to confirmation is made upon the ground that con-

firmation should be withheld unless and until the complainant credits upon the decree the fair value of the mortgaged premises. Order of reference was advised on the 13th day of March, 1934, to Harry E. Newman, one of the masters of this court, to ascertain the fair value of the mortgaged premises. The amount due upon the decree as of April 27th, 1934, was the sum of $39,295.15 and the master reported on April 27th, 1934, that the fair value of the mortgaged premises was the sum of $38,750, which report of the master was confirmed on May 29th, 1934, and in said order confirming, the master's fees were allowed at the sum of $150 and directed to be paid by the complainant.

"Appeal to the court of errors and appeals from that portion of the order dated May 29th, 1934, allowing the master the sum of $150 and directing the same to be paid by complainant was taken, and hence this memorandum.

"The reference to the master was made pursuant to section 80 of the Chancery act (*1 Comp. Stat. p. 440*), which provides:

"'Whenever the chancellor shall deem it necessary to call to his assistance one or more of the masters in chancery to advise with, upon the hearing of a cause, or an argument, or upon matters of importance, or when any matter shall be referred to any of said officers, pursuant to the general rules of said court, or to any special order or decree in any cause, matter of proceeding depending therein, the fees for such services shall be proportionate, as nearly as may be to the actual value of such service, and shall be regulated by the chancellor from time to time. *P. L. 1902 p. 537.*'

"The master's report shows that two hearings were conducted by him, one on April 15th and the other on April 27th, 1934, at which seven witnesses were examined; and in view of the standing at the bar of the master, the time consumed, and the value of the property, it is my judgment that the sum of $150 is fair and reasonable.

"The litigation in which the defendants were engaged by way of objection to the confirmation of the sheriff's sale which necessitated the retention of counsel by the defendant was occasioned by the refusal on the part of the complainant

to give credit for the fair value of the mortgaged premises. Defendants were entirely successful. Under all the circumstances and exercising the discretion of the court, I direct the master's fees to be paid by the complainant."

*Messrs. Kraemer, Siegler & Siegler,* for the appellant.

*Mr. William N. Becker,* for the respondents.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Stein in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.